

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. Frank W. Martin
District Attorney
24th Judicial District
Cuero, Texas

Dear Sir:

Opinion No. O-2531
Re: Authority of District
Court to appoint a dis-
trict attorney pro tem
when county attorney is
present; and compensa-
tion to county attorney
for acting as district
attorney in absence of
duly elected district
attorney.

By your letter of November 7, 1940, you request
the opinion of this Department upon the following ques-
tions:

(1) In the absence of the district at-
torney, and if the county attorney is present
and available, must the judge of the district
court designate the county attorney to act as
district attorney pro tem, or does the court
have the discretion of designating either the
county attorney or some other competent attor-
ney, as the court sees fit, as district attor-
ney pro tem.

(2) Where the county attorney acts as
district attorney in the absence of the duly

Mr. Frank W. Martin, Page 2

elected district attorney, is he entitled to
the additional compensation provided for in
Article 31, Code of Criminal Procedure, for
acting as district attorney pro tem.

Article 26, Code of Criminal Procedure, as amend-
ed Acts 1933, 43rd Legislature, p. 177, Chapter 83, provides:

"The county attorney shall attend the terms
of all courts in his county below the grade of
district court, and shall represent the State in
all criminal cases under examination or prosecu-
tion in said county; and in the absence of the
district attorney he shall represent the State
alone, or when requested, shall aid the district
attorney in the prosecution of any case in be-
half of the State in the district court, and in
such cases he shall receive all or one-half of
the fees allowed by law to district attorneys,
according as he acted alone or jointly. In such
cases he shall receive all or one-half of the
fees allowed by law to the district attorney
whose duties he performs, or assists in perform-
ing, but shall receive no part of the Constitu-
tional salary allowed to such district attorney,
according as he acted alone or jointly; provided
that fees collected by the county attorney from
the state for such services shall be deducted by
the Comptroller of Public Accounts from the fees
which otherwise would have been paid to the Dis-
trict Attorney had he represented the State alone;
provided further this Article shall not be con-
strued as inhibiting any county attorney from
voluntarily, with the consent of the district at-
torney, assisting the district attorney in the
performance of his respective duties, without
compensation."

Article 31, Code of Criminal Procedure, provides:

"Whenever any district or county attorney
fails to attend any term of the district, county
or justice's court, the judge of said court or
such justice may appoint some competent attorney
to perform the duties of such district or county

Mr. Frank W. Martin, Page 3

attorney, who shall be allowed the same compensation for his services as is allowed the district attorney or county attorney. Said appointment shall not extend beyond the term of the court at which it is made, and shall be vacated upon the appearance of the district or county attorney."

Article 26 and Article 31 must be construed together, and when so construed, it is clear that the Legislature has made it the duty, and it is likewise the right, of the county attorney to represent the State in the district court in the absence of the district attorney. In the absence of the district attorney, the duty and the authority to represent the State in the district court is conferred by the statutes upon the county attorney, and it is not contemplated, nor is it necessary, that the court should designate the county attorney as district attorney pro tem. It is only when the district attorney and the county attorney are absent that the court is authorized to appoint a district attorney pro tem. In a letter opinion addressed to the Honorable Cullen D. Vance, County Attorney, Edna, Texas, on February 12, 1935, this Department ruled that a district judge is without authority to appoint an attorney pro tem to represent the State when either the district attorney or the county attorney is present. We are of the opinion that this ruling correctly states the law upon this subject.

With respect to your second question, it is clear from what has been stated above in answer to your first that the county attorney acting in the absence of the district attorney must receive his compensation for such services under the provisions of Article 26, rather than under the provisions of Article 31. The right of the county attorney in such instance to compensation under Article 26 depends on whether fees are allowed to the district attorney of the district for the services performed, in the absence of the district attorney, by the county attorney. Since January 1, 1936, the district attorneys in all judicial districts in this state have been compensated by the payment of an annual salary in twelve equal monthly installments, rather than by the allowance of fees. (Article 3886f, Vernon's Revised Civil Statutes) "This compensation

does not depend on the number of cases tried, or the result achieved, and excludes all other compensation except his annual salary." Voges vs. Sheppard, (Commission of Appeals of Texas, Section A, opinion adopted by the Supreme Court) 67 S.W. (2) 856. Since district attorneys are no longer compensated on a fee basis, but by the payment of an annual salary, and the legislature has made no provision for compensating the county attorney who acts in the absence of the district attorney by apportioning to him a part of the salary to be paid to the district attorney, it follows that the county attorney who acts in the absence of the district attorney is not entitled to compensation for the services thus rendered.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Richard W. Fairchild_
Richard W. Fairchild
Assistant

RWF:ew

APPROVED NOV 25, 1940

ATTORNEY GENERAL OF TEXAS